**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLOBE IMPORTS et al., | No. 17-15404 |
| Plaintiffs-Appellants, | D.C. No. 4:14-cv-03676-CW |
| and | |
| ROBERT MAXON, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| NATIONWIDE INSURANCE, | |
| Defendant-Appellee, | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted August 13, 2018
San Francisco, California

Before: BEA and MURGUIA, Circuit Judges, and SOTO,[**] District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable James A. Soto, United States District Judge for the District of Arizona, sitting by designation.

On December 8, 2006, a fire in Eureka, California damaged two buildings – Building 1 and Building 3 – and completely destroyed a third building, Building 2. Each of the buildings was commercial property owned by Plaintiffs (together, Globe). At the time of the fire, Globe was insured under a commercial property insurance policy issued by Defendant Nationwide Mutual Insurance Company (Nationwide). Nationwide paid $1,552,021 pursuant to the insurance contract to indemnify the losses. However, Globe alleged Nationwide substantially underpaid for the damage and, in the case of Building 2, destruction, of the buildings. Globe sued in California Superior Court, and Nationwide removed to the Northern District of California (Wilken, J.).[1] Globe described dozens of specific items for which it alleged Nationwide should have reimbursed it. Following a bench trial, the district court ruled regarding each of the items placed in dispute. Globe appeals the district court's ruling with respect to two items, both of which were destroyed with Building 2.

1. First, Globe argues the district court erred when it ruled Nationwide was required by the parties' contract to reimburse Globe for only 934 square feet of a 3,516 square foot dance floor because only 934 square feet of the dance floor was

---

[1] Plaintiffs are California citizens and Defendant is a citizen of Ohio. The amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332.

used for a dance-floor-related purpose – a martial arts studio – while the rest of the dance floor was covered in plywood.[2]

We review the district court's interpretation of the parties' contract de novo, *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999), *opinion amended on denial of reh'g*, 203 F.3d 1175 (9th Cir. 2000), and affirm. The insurance contract specifies that the "replacement cost" of a destroyed item is the cost to replace the property with property that is "of comparable material and quality *and used for the same purpose*." Since the portion of the dance floor not used for martial arts was covered in plywood and used for storage, the contract requires that Nationwide replace the plywood-covered portion of the floor with material which would be of similar "quality" for the same "use" as that plywood-covered portion, not with material which could be used as a dance floor.[3] Therefore, the district court did not err when it determined that Nationwide was not required to reimburse Globe for replacing more than 934 of the 3,516 square feet of dance floor.

---

[2] The replacement cost of the 3,516 square foot floor was $97,772, whereas the replacement cost for the 934 square foot floor was $22,895.

[3] Globe does not offer a contrary interpretation of this provision of the insurance contract. Neither does Globe argue in the alternative that it was undercompensated in the event that Nationwide must compensate it only for a 934 square foot dance floor.

2. Second, Globe argues the district court erred when it ruled that Nationwide was not required to reimburse Globe for the cost of certain meat lockers destroyed in the fire, which were worth $132,590. The district court ruled that Nationwide was not responsible for replacement of the meat lockers because Globe failed prior to trial to disclose the meat lockers as one of the items for which it would claim reimbursement at trial.

We affirm. Direct testimony was submitted in the form of witness affidavits. At trial, the district court ruled that it would not consider evidence regarding any disputed items not mentioned in the pre-trial briefing or described as an item of dispute in the parties' direct testimony. *See* D.C. Dkt. No. 93, Tr. Trans. 382. Globe did not object to this ruling. Instead, Globe insisted that references to the meat lockers existed in the pretrial briefing.

No such references exist. The meat lockers were not mentioned as a disputed item in either party's pretrial briefing, the joint pretrial statement, or by any witness's direct testimony. While Globe proffered an expert witness, Les Charter, who opined on the cost to replace Building 2, Charter did not mention the meat lockers in his calculations, despite the inclusion with his affidavit of an itemized list of items which would need replacement and those items' cost. Globe argues the meat lockers were described in the pretrial statement of *Nationwide's* expert witness, Charles Allen. However, Allen mentioned the meat lockers as items which

4

were *not* included as part of the lawsuit because Allen believed them to be non-compensable tenant-owned improvements.

The meat lockers were for the first time described as an item of dispute in a "disputed items list" filed the weekend before trial. The district court twice ruled that this pretrial list, filed over the weekend before the first day of trial, represented insufficient notice to the court or to Nationwide that the meat lockers were going to be an issue in the case. *See* D.C. Dkt. No. 91, 52 – 53; D.C. Dkt. No. 93, Tr. Trans. 382. Globe did not argue before the district court that the disputed items list filed the weekend before trial itself represented sufficient notice that the meat lockers would be a claimed item in the lawsuit. It therefore may not do so now. *Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL–CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985).

**AFFIRMED.**